UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JACOB W. ARMSTRONG )
)
v. ) NO. 2:12-cv-278
)
SULLIVAN COUNTY JAIL )

## MEMORANDUM and ORDER

Plaintiff Jacob W. Armstrong brought this *pro se* civil rights action for (by inference) injunctive relief, 42 U.S.C. § 1983, while he was confined in the Sullivan County Detention Center (SCDC) in Blountville, Tennessee. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, (Doc. 1), and he is **ASSESSED** the civil filing fee of $350.00.[1]

Therefore, the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). All remittances should be sent to the following address: Clerk, U.S. District Court; 220 West Depot Street, Suite 200; Greeneville, TN 37743.

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the

---

[1] After filing this case, plaintiff was transferred to the Johnson County jail, where he reports that he has been unsuccessful in his efforts to obtain a certified copy of his inmate trust account to send to the Court to support his *in forma pauperis* application, (Doc. 5, Notice of Address Change). The lack of the account statement is not plaintiff's fault and will not hinder plaintiff's pursuit of this lawsuit. The only change occasioned by the absence of the statement is that an initial partial filing fee will not be assessed.

custodian of inmate accounts at the Johnson County jail to facilitate the collection of the incremental payments of the filing fee, until the fee has been fully satisfied.

## I. Plaintiff's Allegations

In his complaint, plaintiff alleges that he is legally blind, is wearing only one contact lens because his other contact lens is ripped, and needs an eye examination and a pair of glasses. To continue wearing only one contact, plaintiff fears, will exacerbate his vision problems. Though plaintiff has written at least three grievances complaining about the situation and though his father has called and left messages for medical personnel, no one has answered his grievances or returned his father's call. Plaintiff knows that he is entitled to medical attention and he indicates that he expects the Court "to do anything they (sic) can," (to resolve this matter?) as he is "not familiar with the entitlements of this case," (Doc. 2 at 5).

## II. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing the screening task, the Court liberally construes this *pro se* civil rights pleading, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and "accept[s] as true all non-conclusory allegations in the complaint and determine[s] whether they state a plausible claim for relief." *Davis v. Prison Health Services*, 679 F.3d 433, 437 -438 (6th Cir. 2012) (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

As noted, plaintiff has asked the Court "to do anything" it can, which the Court construes as a plea for injunctive relief to assist him in obtaining medical attention for his eye problems. This is plaintiff's sole plea for relief.

The jurisdiction of federal courts is limited to "cases and controversies." U.S. CONST. art. III, § 2, cl.1. A case becomes moot "when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome." *Cleveland Branch, NAACP*, 263 F.3d at 530 (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Here, plaintiff seeks injunctive relief from the wrongful withholding of medical treatment to which he allegedly was subjected at the SCDC, but he was transferred from that facility after he filed this lawsuit. Clearly, correcting the conditions at the SCDC of which plaintiff complains would provide him no benefit because he is no longer confined in that institution and does not indicate that he expects to be imprisoned in there in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (noting that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

Thus, all plaintiff's claims for injunctive relief are **MOOT**. *Kensu v. Haigh*, 87 F.3d

3

172, 175 (6th Cir. 1996) (inmate's claims for injunctive relief rendered moot upon his transfer to a different facility). Because claims for injunctive relief were the only claims asserted in the complaint, the entire lawsuit has likewise been rendered **MOOT**.

### III. Conclusion

Given the above analysis, the Court will dismiss this complaint for lack of jurisdiction since all of the claims raised therein are now **MOOT**. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, n.22 (1997) ("Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)'") (citations omitted).

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
